1
2
3

**THE CAVANAGH LAW FIRM**
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

4
5
6

William M. Demlong, Esq. (NV SBN 7674)
wdemlong@cavanaghlaw.com
Tel:  (602) 322-4000
Fax: (602) 322-4100

7
8
9
10

Pamela A. McKay, Esq. (SBN 7812)
pmckay@mckaylawfirmchtd.com
McKay Law Firm Chtd.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128
Tel:  (702) 835-6956
Fax: (702) 835-6957

11
12

*Attorneys for Defendant Civil
Service Employees Insurance
Company*

13

## UNITED STATES DISTRICT COURT

14

## SOUTHERN DISTRICT OF NEVADA

15
16
17
18
19
20

| | |
|---|---|
| John Doan and Steve Le, as individuals,<br><br>             Plaintiffs,<br><br>vs.<br><br>Civil Service Employees Insurance Company, a stock corporation; Doe Employees I-V; Rose Corporation 1-V,<br><br>             Defendants. | Case No. 2:24-00705-CDS-MDC<br><br>**AMENDED STIPULATED JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |

21
22
23
24

     Pursuant to Local Rule 26-1(d) and (e), as well as Fed.R.Civ.P.26(f), counsel for the parties conducted a Rule 26(f) discovery conference on July 3, 2024. After conferring about the case, the parties submit the following Stipulated Joint Discovery Plan and Scheduling Order.

25

**1.    Initial Disclosures:** CSE made its Rule 26(a) disclosures on July 17. Plaintiffs made their Rule 26(a) disclosures on July 19.

2.    **Discovery Cutoff Date:** LR 26-1(e)(1) provides that "unless otherwise ordered, discovery periods longer than one hundred eighty (180) days from the date the first defendant answers or appears will require special scheduling review."

The Parties do request a change to the presumptive discovery deadlines set forth in LR 26-1(e)(1). Specifically, the parties request the Court commence the 180-day discovery period from the date of the parties' July 3, 2024 Rule 26(f) conference. This will allow the parties sufficient time to conduct the discovery needed in this matter. In particular, the parties anticipate extensive third-party discovery into whether or not a $1,000,000 liability policy allegedly issued by a separate insurer applies to the subject incident. This will likely involve both documentary discovery and testimony from a corporate representative for the third-party insurer. The parties anticipate this third-party discovery alone will take 90 days to complete and may have a significant impact on the remaining discovery, dispositive motions, and the claims in this lawsuit.

The Parties therefore request that the discovery period be calculated as 180 days from July 3, 2024, such that discovery closes on Monday, **December 30, 2024**.

3.    **Amending the Pleadings and Adding Parties:** Any motion to amend the pleadings or add parties shall be filed by **October 1, 2024**, which is 90 days prior to the discovery cutoff.

4.    **Expert Disclosures:** The parties have agreed to a "staggered" expert discovery schedule, wherein Plaintiffs will make initial expert disclosures, then Defendant will make initial and rebuttal expert disclosures, and finally Plaintiffs will make rebuttal expert disclosures. The parties are requesting a staggered discovery schedule to avoid potential disputes over what constitute expert rebuttal opinions. The parties request this schedule to avoid anticipating what areas of expertise, if any, are necessary, and to minimize the unnecessary expense of retaining experts to address claims or defenses that are not being pursued. The parties propose the following schedule:

- Plaintiffs' initial expert disclosures shall be served **September 30, 2024**, 91 days prior to the discovery cutoff.
- Defendant's initial and rebuttal expert disclosures shall be served **November 1, 2024**, 59 days prior to discovery cutoff.
- Plaintiffs' rebuttal expert disclosures shall be served **December 2, 2024**, 28 days prior to the discovery cutoff.

5.      **Dispositive Motions:** Dispositive motions, if any, shall be filed by **January 29, 2025**, which is 30 days after discovery cutoff.

6.      **Pretrial Order:** A Joint Pretrial Order shall be filed by **February 28, 2025**, which is 30 days after the deadline for filing dispositive motions. However, if any dispositive motions are filed, then the Joint Pretrial Order shall be due 30 days after decision on such motion(s).    Disclosures under Fed. R. Civ.P.26(a)(3), and any, objections thereto, shall be included in the Joint Pretrial Order.

7.      **Alternative Dispute Resolution:** The parties met and conferred regarding the possibility of using alternative dispute resolution processes, namely settlement conference, arbitration and mediation. The parties agree that alternative dispute resolution would not be effective at this time, but they are willing to revisit this issue after conducting discovery.

8.      **Alternative Forms of Case Disposition:** The parties met and conferred regarding the use of a magistrate judge for all purposes or to submit to the Short Trial Program. The parties do not agree to have this matter heard by a magistrate judge at this time, but they are willing to revisit this issue at a later time.

9.      **Electronic Discovery:** The parties discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations. At this time, the parties have not made any stipulations regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

10.     **Inadvertent Disclosure:** Pursuant to Fed. R. Evid. 502(d) and (e), the parties both agree and request that entry of this order establish that inadvertent or mistaken

production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information for purposes of this or any other litigation. If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned, stricken or otherwise appropriately handled to reverse the inadvertent disclosure. The receiving party shall return all copies of the inadvertently produced material within five business days of receipt of the request and otherwise cooperate to fulfill this agreement. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed.

11. **Modifications of Discovery Limits:** The parties believe that they can complete discovery without exceeding the standard limits for depositions and interrogatories.

Respectfully Submitted this 26th day of July, 2024.

**THE CAVANAGH LAW FIRM, P.A**

_s/William M. Demlong_
WILLIAM M. DEMLONG
Nevada Bar No. 7674
wdemlong@cavanaghlaw.com
1850 N. Central Avenue, Suite 1900
Phoenix, Arizona 85004
Tel: (602)332-4000

PAMELA A. MCKAY, ESQ.
Nevada Bar No. 7812
pmckay@mckaylawfirmchtd.com
8440 West Lake Mead Blvd., Suite 112
Las Vegas, Nevada 89128
Tel: (702) 835-6956
_Attorneys for Defendant CSE_

**VAN LAW FIRM**

By: ___s/Justin Schmidt_____
Justin Schmidt
1290 S. Jones Blvd.
Las Vegas, NV 89146
*Attorneys for Plaintiffs*

## ORDER

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _07-26-24_____

1

## CERTIFICATE OF SERVICE

2

*Doan, et al. v. Civil Service Employees Insurance Company, et al.*
*2:24-cv-00705*
*United States District Court Southern District of Nevada*

3

4

I hereby certify that the foregoing document was filed through the court's CM/ECF system

5

which will generate and send an NEF and hyperlink to the document to all registered users in this

6

case.

7

By:  s/William M. Demlong

8

William M. Demlong, Esq.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| **From:** | Justin Schmidt |
| **To:** | Bunch, Parker |
| **Cc:** | Tracy May Paloma; rosemary@vanlawfirm.com; Amely Mercado; Raymart Padilla; Demlong, William; Pamela A. McKay; Gilroy, Lori |
| **Subject:** | Re: Doan et al. v. Civil Service Emp. Ins. co. |
| **Date:** | Thursday, July 25, 2024 2:50:36 PM |

Yes, you can electronically sign on my behalf and have the document filed.

On Wed, Jul 24, 2024 at 5:06 PM Bunch, Parker <PBunch@cavanaghlaw.com> wrote:

> Justin we updated the joint case management plan to reflect Plaintiffs' 26a disclosures. See attached with highlight. Please let us know if we may electronically sign for you and file same.
>
> Thanks,
> Parker
>
> **From:** Bunch, Parker
> **Sent:** Friday, July 19, 2024 5:22 PM
> **To:** 'Justin Schmidt' <justinschmidt@vanlawfirm.com>; Tracy May Paloma <tracy@vanlawfirm.com>; rosemary@vanlawfirm.com; Amely Mercado <amely@vanlawfirm.com>; Raymart Padilla <raymart@vanlawfirm.com>
> **Cc:** Demlong, William <wdemlong@cavanaghlaw.com>; 'Pamela A. McKay' <pmckay@mckaylawfirmchtd.com>; Gilroy, Lori <lgilroy@cavanaghlaw.com>
> **Subject:** RE: Doan et al. v. Civil Service Emp. Ins. co.
>
> Good afternoon Justin, thank you for your client's Rule 26(a) disclosure statement. However we did not see any documents regarding the UHaul Policy issued by RepWest, communications between the parties regarding that policy and claim against Mr. Oberyon, any court records, settlement records, etc. As we discussed during our Rule 26(f) call those documents are important to this case. Can you please disclose them?
>
> Also please let us know on the draft case management report.
>
> Thanks and have a good weekend.
>
> Parker
>
> **From:** Bunch, Parker
> **Sent:** Thursday, July 18, 2024 3:04 PM
> **To:** Justin Schmidt <justinschmidt@vanlawfirm.com>