THE CAVANAGH LAW FIRM
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

William M. Demlong, Esq. (Nevada SBN 7674)
wdemlong@cavanaghlaw.com
Tel: (602) 322-4000
Fax: (602) 322-4100

Pamela A. McKay, Esq. (SBN 7812)
pmckay@mckaylawfirmchtd.com
McKay Law Firm Chtd.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128
Tel: (702) 835-6956
Fax: (702) 835-6957

*Attorneys for Defendant Civil Service Employees Insurance Company*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| John Doan and Steve Le, as individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>Civil Service Employees Insurance Company, a stock corporation; Doe Employees I-V; Rose Corporation 1-V,<br><br>Defendants. | CASE NO. 2:24-00705-CDS-MDC<br><br>**STIPULATION AND ORDER TO EXTEND DEADLINES**<br><br>**(Third Request)** |

The parties, by and through undersigned counsel and pursuant to Fed R. Civ. P. 6, Fed. R. Civ. P. 26, LR IA 6-1, LR IA 6-2, LR 7-1, and LR 26-3, stipulate and agree that there is good cause to extend discovery deadlines as set forth below.

**DISCOVERY COMPLETED PURSUANT TO LR 26-3(a)**

**A. The parties' disclosures and discovery.**

1. Plaintiff's Initial Disclosures under Fed. R. Civ. P. 26(a)(1) was sent to Defendant's counsel on July 19, 2024.

2. Defendant's Initial Disclosures under Fed. R. Civ. P. 26(a)(1) was sent to Plaintiffs' counsel on July 17, 2024.

3. Defendant's First Supplemental Disclosure was sent to Plaintiff's counsel on August 28, 2024.

4. Defendant's first set of Interrogatories and Requests for Production were sent to Plaintiffs' counsel on July 22, 2024.

5. Plaintiffs' Responses to Defendant's first set of Interrogatories and Requests for Production were sent to Defendant on September 4, 2024.

6. Plaintiffs' first set of Requests for Admissions, Requests for Production, and Interrogatories were sent to Defendant on September 25, 2024.

7. Defendant's Responses to Plaintiffs' first set of Requests for Admissions, Requests for Production, and Interrogatories were sent to Plaintiff on November 8, 2024.

8. On October 30, 2024, Plaintiffs sent their Rule 26(a)(2) Expert Disclosure to Defendant.

9. On January 2, 2025, CSE sent its Second Supplemental Disclosure Statement containing records received via subpoena to RepWest Insurance Company (including additional, supplemental productions by RepWest in the ongoing Motion to Compel proceedings in the U.S.

District Court for the District of Arizona), and documents produced in response to a separate subpoena to RepWest Insurance Company's lawyer during the underlying proceedings.

10. On January 24, CSE sent its Third Supplemental Disclosure Statement, disclosing *inter alia* additional records received from RepWest Insurance Company in its fourth supplemental productions to CSE in their ongoing Motion to Compel proceedings.

**B. Defendant's Subpoenas Duces Tecum and Motion to Compel Against RepWest in the U.S. District Court for the District of Arizona.**

11. On July 22, 2024, Defendant filed a Notice of Intent to serve Subpoena Duces Tecum ("SDT") to RepWest Insurance Company ("RepWest"), which is based in Arizona. RepWest insured the tortfeasor in the auto accident that gave rise to Plaintiffs' UIM claim that is the subject of this lawsuit.

12. The SDT was served on July 26, 2024.

13. On September 20, 2024, Defendant sent a second SDT to RepWest.

14. RepWest refused to fully comply with Defendant's SDTs, forcing Defendant to file a SDT enforcement action and Motion to Compel against RepWest in U.S. District Court for the District of Arizona. A copy of Defendant's Motion to Compel was attached as Exhibit 1 to the parties' previous Stipulation.

15. Thereafter, RepWest's counsel requested its deadline to respond to the Motion to Compel be extended until December 6, 2024. RepWest asserted the extension was requested to allow the parties to attempt to resolve the Motion to Compel dispute without judicial intervention.

16. On November 25, 2024, the Court granted RepWest and CSE's stipulation, extending their deadline to respond to the Motion to Compel until December 6. A copy of that Order was attached as Exhibit 2 to the parties' previous Stipulation.

17. In the interim, RepWest produced documents partially responsive to the subpoena and Motion to Compel, but other documents remained outstanding. CSE and RepWest filed a stipulation asking the Court to allow RepWest additional time to respond to the Motion to Compel. The purpose of the stipulation was to allow CSE and RepWest to attempt to resolve the dispute between them without further intervention by the Court.

18. On December 12, 2024, pursuant to RepWest and CSE's stipulation, the Court ordered CSE to file a Status Report with the Court by January 10, 2025. A copy of the Order is attached hereto as **Exhibit 1**. CSE's was ordered to inform the Court in its Status Report whether the Motion to Compel had been mooted, or whether documents remained outstanding.

19. From December 12, 2024 through January 10, 2025, RepWest made multiple supplemental productions to CSE, containing hundreds of pages of documents responsive to the subpoenas and Motion to Compel. During that time, RepWest advised CSE on at least two occasions that it had believed it had produced all responsive documents. CSE disagreed, and maintained that despite the parties' ongoing efforts to resolve the dispute, certain documents remained outstanding. Among the outstanding documents was a privilege log reflecting what documents were in RepWest's possession but were being withheld on the basis of privilege.

20. On January 10, 2025, CSE filed a Status Report with the Motion to Compel Court apprising it that certain documents had not been produced. This included a privilege log, and RepWest's claim notes reflecting its internal investigation, deliberations, and decision regarding

coverage under the RepWest insurance policy, remained outstanding. A copy of CSE's Status Report is attached as **Exhibit 2**.

21. On January 14, 2025, having reviewed CSE's Status Report, Judge Liburdi ordered RepWest to respond to the Motion to Compel by January 28, 2025. A copy of the Court's Order is attached hereto as **Exhibit 3**.

22. On January 17, 2025, RepWest finally produced a privilege log to CSE. The privilege log revealed that RepWest was withholding more than 2,800 pages of documents on the bases of work product protection and attorney-client privilege. A copy of the privilege log is attached as **Exhibit 4**.

23. For a myriad of reasons, CSE disagrees with the work product protections asserted by RepWest in its privilege log. CSE intends to challenge them in its Reply to CSE's Response to its Motion to Compel and seek all other documents responsive to the subpoenas and Motion to Compel.

## **DISCOVERY REMAINING TO BE COMPLETED UNDER LR 26-3(b)**

1. Defendant's expert disclosure under Rule 26(a)(2) and rebuttal to Plaintiffs' expert disclosure.

2. Plaintiffs' rebuttal expert disclosure.

3. Depositions of Plaintiffs and their medical providers, to the extent necessary.

4. Depositions of Defendant, to the extent necessary.

5. Rule 30(b)(6) deposition of RepWest Insurance Company.

## REASONS THE PARTIES REQUEST AN EXTENSION OF THE DISCOVERY DEADLINES PURSUANT TO LR 26-3(c)

As the parties stated in their Amended Case Management Report [Doc. 19], and in their previous Stipulation asking the Court to extend the case deadlines given the ongoing Motion to Compel proceedings [Doc. 29], the claims in this case require "extensive third-party discovery into whether or not a $1,000,000 liability policy allegedly issued by a separate insurer applies to the subject incident. This will likely involve both documentary discovery and testimony from a corporate representative for the third-party insurer. The parties anticipate this third-party discovery alone will take 90 days to complete and may have a significant impact on the remaining discovery, dispositive motions, and the claims in this lawsuit." [Doc. 19 at 2:10-14].

As set forth *supra*, this third-party discovery involves non-party RepWest. RepWest is in possession of key documents that cannot otherwise be obtained by the parties. This includes not only the policy itself, but RepWest's determinations as to coverage under that policy, which would be reflected in its claim notes.

In order to obtain these documents, CSE served two SDTs on RepWest. RepWest refused to fully comply with both SDTs. RepWest did so, CSE asserts, without properly objecting to the SDTs and without identifying the legal authority supporting its non-compliance. See Ex. 1. Although CSE and RepWest attempted to work out the dispute, a resolution could not be reached. RepWest's non-compliance thus required CSE to file a Motion to Compel and initiate a subpoena enforcement action in U.S. District Court for the District of Arizona, where compliance with the SDTs was to occur. CSE filed that Motion to Compel on October 29. Ex. 1.

In mid-November, 2024, RepWest's counsel requested CSE stipulate to extend its deadline to respond to the Motion to Compel as a professional courtesy. CSE agreed. Thereafter, RepWest and CSE's counsel spoke regarding the Motion to Compel. RepWest requested additional time to

respond with the goal of resolving the production dispute without further Court involvement. CSE agreed, and on November 25, Judge Liburdi of the U.S. District Court of the District of Arizona granted the extension for RepWest to respond until December 6. Ex. 2.

As set forth in Section B, *supra*, at ¶¶ 17-23, in December and January, CSE and RepWest have continued to try to resolve the Motion to Compel dispute without further judicial involvement but have been unable to do so. CSE recently received RepWest's privilege log on January 17, 2025, which revealed that RepWest has been withholding more than 2,800 pages of documents on the basis of work product protection and attorney-client privilege. CSE disagrees with the work product designations in the privilege log and intends to challenge them in the ongoing Motion to Compel proceedings. On January 28, 2025, CSE filed its Response in Opposition to the Motion to Compel.

Accordingly, the parties request an extension of the remaining case deadlines, as set forth below, to accommodate CSE's discovery dispute with RepWest regarding documents and evidence that are key to the parties' claims and defenses in this matter. There is good cause for the extension, and the request is not due to improper delay as the parties herein continue to litigate this matter, and CSE continues to litigate the Motion to Compel proceedings against RepWest.

**PROPOSED AMENDED DEADLINES**[1]

| Event | Current Deadline | Proposed Amended Deadline |
|---|---|---|
| Defendant Initial and Rebuttal Expert Disclosures | January 31, 2025 | April 4, 2025 |
| Plaintiff's Rebuttal Expert Disclosure | March 3, 2025 | May 2, 2025 |
| Discovery Cut-off | March 28, 2025 | May 30, 2025 |
| Dispositive Motions | May 2, 2025 | July 4, 2025 |

---

[1] The Proposed Amended Deadlines fall on Fridays, where possible.

| Joint Pre-Trial Order | May 30, 2025 | August 1, 2025 |

**STIPULATED AND AGREED TO:**

DATED this 30th day of January, 2025.

                              **THE CAVANAGH LAW FIRM, P.A.**

By:     s/William M. Demlong
       William M. Demlong
       1850 North Central Avenue, Suite 1900
       Phoenix, Arizona 85004

       Pamela A. McKay
       McKay Law Firm Chtd.
       8440 West Lake Mead Blvd., Suite 112
       Las Vegas, NV 89128

*Attorneys for Defendant Civil Service Employees Insurance Company*

**VAN LAW FIRM**

By:     s/Justin G. Schmidt
       Justin G. Schmidt
       1290 S Jones Blvd.
       Las Vegas, NV 89146

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

*Doan, et al. v. Civil Service Employees Insurance Company, et al.*
2:24-cv-00705
United States District Court Southern District of Nevada

I hereby certify that the foregoing document was filed through the court's CM/ECF system which will generate and send an NEF and hyperlink to the document to all registered users in this case.

By:    s/William M. Demlong
       William M. Demlong, Esq.

**ORDER**

Based on the Stipulation of the Parties and good cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the discovery deadlines will be extended as agreed by the parties herein; a separate amended scheduling order will not be issued.

~~**IT IS FURTHER ORDERED** that the current Trial be moved to the next available stack in accordance with the discovery deadlines proposed herein.~~

**IT IS SO ORDERED**.

If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order

_____
United States Magistrate Judge
Date: 2-3-25

Submitted by:

William M. Demlong
THE CAVANAGH LAW FIRM, P.A.
1850 North Central Avenue, Suite 1900
Phoenix, Arizona 85004

Pamela A. McKay
McKay Law Firm Chtd.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128

*Attorneys for Defendant CSE*