**THE CAVANAGH LAW FIRM**
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

William M. Demlong, Esq. (SBN 7674)
wdemlong@cavanaghlaw.com
Tel: (602) 322-4000
Fax: (602) 322-4100

Pamela A. McKay, Esq. (SBN 7812)
pmckay@mckaylawfirmchtd.com
McKay Law Firm Chtd.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128
Tel: (702) 835-6956
Fax: (702) 835-6957

*Attorneys for Defendant Civil Service Employees Insurance Company*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| John Doan and Steve Le, as individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>Civil Service Employees Insurance Company, a stock corporation; Doe Employees I-V; Rose Corporation 1-V,<br><br>Defendants. | CASE NO. 2:24-00705-CDS-MDC<br><br>**STIPULATION AND ORDER TO EXTEND DEADLINES**<br><br>**(Fourth Request)** |

The parties, by and through undersigned counsel and pursuant to Fed R. Civ. P. 6, Fed. R. Civ. P. 26, LR IA 6-1, LR IA 6-2, LR 7-1, and LR 26-3, stipulate and agree that there is good cause to extend discovery deadlines as set forth below.

In short, the parties request an approximate 45-day extension of the remaining case deadlines to accommodate the production schedule of non-party RepWest's Insurance Company's responses to CSE's Subpoenas and Motion to Compel, as ordered by Judge Liburdi of the U.S. District Court for the District of Arizona in his Order dated March 28, 2025 (the "MTC Proceedings"). *See* [Doc. 34] at Ex. 1. As set forth more fully therein, Judge Liburdi granted in part CSE's Motion to Compel; he ordered non-party RepWest Insurance Company to "immediately begin turning over its claim notes to CSE, with full disclosure [including a privilege log for attorney-client communications] completed within thirty days of this Order." *Id*. at 11:7-12. Judge Liburdi also awarded CSE its attorneys' fees. *Id*. at 11:14-22.

## **DISCOVERY COMPLETED PURSUANT TO LR 26-3(a)**

**A. The parties' disclosures and discovery.**

    1.    Plaintiff's Initial Disclosures under Fed. R. Civ. P. 26(a)(1) was sent to Defendant's counsel on July 19, 2024.

    2.    Defendant's Initial Disclosures under Fed. R. Civ. P. 26(a)(1) was sent to Plaintiffs' counsel on July 17, 2024.

    3.    Defendant's First Supplemental Disclosure was sent to Plaintiff's counsel on August 28, 2024.

    4.    Defendant's first set of Interrogatories and Requests for Production were sent to Plaintiffs counsel on July 22, 2024.

    5.    Plaintiffs' Responses to Defendant's first set of Interrogatories and Requests for Production were sent to Defendant on September 4, 2024.

6. Plaintiffs' first set of Requests for Admissions, Requests for Production, and Interrogatories were sent to Defendant on September 25, 2024.

7. Defendant's Responses to Plaintiffs' first set of Requests for Admissions, Requests for Production, and Interrogatories were sent to Plaintiff on November 8, 2024.

8. On October 30, 2024, Plaintiffs sent their Rule 26(a)(2) Expert Disclosure to Defendant.

9. On January 2, 2025, CSE sent its Second Supplemental Disclosure Statement containing records received via subpoena to RepWest Insurance Company (including additional, supplemental productions by RepWest in the ongoing Motion to Compel proceedings in the U.S. District Court for the District of Arizona), and documents produced in response to a separate subpoena to RepWest Insurance Company's lawyer during the underlying proceedings.

10. On January 24, CSE sent its Third Supplemental Disclosure Statement, disclosing *inter alia* additional records received from RepWest Insurance Company in its fourth supplemental productions to CSE in their ongoing Motion to Compel proceedings.

**B. Defendant's Subpoenas Duces Tecum and Motion to Compel Against RepWest in the U.S. District Court for the District of Arizona.**

11. On July 22, 2024, Defendant filed a Notice of Intent to serve Subpoena Duces Tecum ("SDT") to RepWest Insurance Company ("RepWest"), which is based in Arizona. RepWest insured the tortfeasor in the auto accident that gave rise to Plaintiffs' UIM claim that is the subject of this lawsuit.

12. The SDT was served on July 26, 2024.

13. On September 20, 2024, Defendant sent a second SDT to RepWest.

14. RepWest refused to fully comply with Defendant's SDTs, forcing Defendant to file a SDT enforcement action and Motion to Compel against RepWest in U.S. District Court for the District of Arizona. A copy of Defendant's Motion to Compel was attached as Exhibit 1 to the parties' previous Stipulation.

15. Thereafter, RepWest's counsel requested its deadline to respond to the Motion to Compel be extended until December 6, 2024. RepWest asserted the extension was requested to allow the parties to attempt to resolve the Motion to Compel dispute without judicial intervention.

16. On November 25, 2024, the Court granted RepWest and CSE's stipulation, extending their deadline to respond to the Motion to Compel until December 6. A copy of that Order was attached as Exhibit 2 to the parties' previous Stipulation.

17. In the interim, RepWest produced documents partially responsive to the subpoena and Motion to Compel, but other documents remained outstanding. CSE and RepWest filed a stipulation asking the Court to allow RepWest additional time to respond to the Motion to Compel. The purpose of the stipulation was to allow CSE and RepWest to attempt to resolve the dispute between them without further intervention by the Court.

18. On December 12, 2024, pursuant to RepWest and CSE's stipulation, the Court ordered CSE to file a Status Report with the Court by January 10, 2025. CSE was ordered to inform the Court in its Status Report whether the Motion to Compel had been mooted, or whether documents remained outstanding.

19. From December 12, 2024 through January 10, 2025, RepWest made multiple supplemental productions to CSE, containing hundreds of pages of documents responsive to the subpoenas and Motion to Compel. During that time, RepWest advised CSE on at least two

occasions that it had believed it had produced all responsive documents. CSE disagreed and maintained that despite the parties' ongoing efforts to resolve the dispute, certain documents remained outstanding. Among the outstanding documents was a privilege log reflecting what documents were in RepWest's possession but were being withheld on the basis of privilege.

20. On January 10, 2025, CSE filed a Status Report with the Motion to Compel Court apprising it that certain documents had not been produced. This included a privilege log, and RepWest's claim notes reflecting its internal investigation, deliberations, and decision regarding coverage under the RepWest insurance policy, remained outstanding.

21. On January 14, 2025, having reviewed CSE's Status Report, Judge Liburdi ordered RepWest to respond to the Motion to Compel by January 28, 2025.

22. On January 17, 2025, RepWest finally produced a privilege log to CSE. The privilege log revealed that RepWest was withholding more than 2,800 pages of documents on the bases of work product protection and attorney-client privilege.

23. For a myriad of reasons, CSE disagreed with the work product protections asserted by RepWest in its privilege log. CSE challenged them in its Reply to CSE's Response to its Motion to Compel and sought all other documents responsive to the subpoenas and Motion to Compel.

24. On January 25, 2025, RepWest filed its Opposition to CSE's Motion to Compel in the MTC Proceedings.

25. On February 3, 2025, this Court granted the parties' stipulation to extend the case deadlines given the ongoing MTC Proceedings. [Doc. 33].

26. On February 4, 2025, CSE filed its Reply in Support of its Motion to Compel in the MTC Proceedings. MTC Proceedings Doc. 14.

27. On February 7, 2025, Judge Liburdi in the MTC Proceedings set an in-person motion hearing for March 13, 2025. MTC Proceedings Doc. 15.

28. On February 12, 2025, RepWest filed an Unopposed Motion to Modify the Hearing date in the MTC Proceedings. MTC Proceedings Doc. 16.

29. On February 20, 2025, Judge Liburdi granted RepWest's Motion to Modify the Hearing, moving the hearing date to March 25, 2025. MTC Proceedings Doc. 17.

30. On March 25, 2025, Judge Liburdi conducted the in-person hearing in the MTC Proceedings.

31. On March 28, 2025, Judge Liburdi issued his Order granting in part CSE's Motion to Compel and awarding CSE its reasonable attorneys' fees. *See* [Doc. 34] at Ex. 1.

32. On March 31, 2025, CSE filed a Notice with this Court regarding Judge Liburdi's Order in the MTC Proceedings. [Doc. 34].

**DISCOVERY REMAINING TO BE COMPLETED UNDER LR 26-3(b)**

1. Defendant's expert disclosure under Rule 26(a)(2) and rebuttal to Plaintiffs' expert disclosure, to the extent necessary.

2. Plaintiffs' rebuttal expert disclosure, to the extent necessary.

3. Depositions of Plaintiffs and their medical providers, to the extent necessary.

4. Depositions of Defendant, to the extent necessary.

5. Rule 30(b)(6) deposition of RepWest Insurance Company.

# REASONS THE PARTIES REQUEST AN EXTENSION OF THE DISCOVERY DEADLINES PURSUANT TO LR 26-3(c)

As the parties stated in their Amended Case Management Report [Doc. 19], and in their previous Stipulation asking the Court to extend the case deadlines given the ongoing Motion to Compel proceedings [*see*, *e.g.*, Docs. 29, 33], the claims in this case require "extensive third-party discovery into whether or not a $1,000,000 liability policy allegedly issued by a separate insurer applies to the subject incident. This will likely involve both documentary discovery and testimony from a corporate representative for the third-party insurer. The parties anticipate this third-party discovery alone will take 90 days to complete and may have a significant impact on the remaining discovery, dispositive motions, and the claims in this lawsuit." [Doc. 19 at 2:10-14].

As set forth *supra*, this third-party discovery involves non-party RepWest. RepWest is in possession of key documents that cannot otherwise be obtained by the parties. This includes RepWest's determinations as to coverage under that policy, which would be reflected in its claim notes. As mentioned *supra* and CSE's Notice, Judge Liburdi ordered RepWest to produce the claim notes within 30 days of March 28, 2025. [Doc. 34] at Ex 1, 11:7-12.

Accordingly, the parties request an extension of the remaining case deadlines, as set forth below, to accommodate RepWest's Court-ordered production of the claim notes, which are material to the parties' claims and defenses in this matter. There is good cause for the extension, and the request is not due to improper delay, as the parties have sought the extension shortly after Judge Liburdi issued his Order in the MTC Proceedings.

## PROPOSED AMENDED DEADLINES[1]

| Event | Current Deadline | Proposed Amended Deadline |
|---|---|---|
| Defendant Initial and Rebuttal Expert Disclosures | April 4, 2025 | May 16, 2025 |
| Plaintiff's Rebuttal Expert Disclosure | May 2, 2025 | April 18, 2025 |
| Discovery Cut-off | May 30, 2025 | July 11, 2025 |
| Dispositive Motions | July 4, 2025 | August 15, 2025 |
| Joint Pre-Trial Order | August 1, 2025 | September 12, 2025 |

**STIPULATED AND AGREED TO:**

DATED this 4th day of April, 2025.

**THE CAVANAGH LAW FIRM, P.A.**

By: _____s/William M. Demlong_____
William M. Demlong
1850 North Central Avenue, Suite 1900
Phoenix, Arizona 85004

Pamela A. McKay
McKay Law Firm Chtd.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128

*Attorneys for Defendant Civil Service Employees Insurance Company*

**VAN LAW FIRM**

By: _____s/Justin G. Schmidt_____
Justin G. Schmidt
1290 S Jones Blvd.
Las Vegas, NV 89146

*Attorneys for Plaintiffs*

---

[1] The Proposed Amended Deadlines fall on Fridays, where possible.

## CERTIFICATE OF SERVICE

*Doan, et al. v. Civil Service Employees Insurance Company, et al.*
*2:24-cv-00705*
*United States District Court Southern District of Nevada*

I hereby certify that the foregoing document was filed through the court's CM/ECF system which will generate and send an NEF and hyperlink to the document to all registered users in this case.

By:   s/William M. Demlong
       William M. Demlong, Esq.

# ORDER

Based on the Stipulation of the Parties and good cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the discovery deadlines will be extended as agreed by the parties herein; a separate amended scheduling order will not be issued.

**IT IS FURTHER ORDERED** that the current Trial be moved to the next available stack in accordance with the discovery deadlines proposed herein.

**IT IS SO ORDERED**.

_____
United States Magistrate Judge
4-23-25

Submitted by:

William M. Demlong
THE CAVANAGH LAW FIRM, P.A.
1850 North Central Avenue, Suite 1900
Phoenix, Arizona 85004

Pamela A. McKay
McKay Law Firm Chtd.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128

*Attorneys for Defendant CSE*