**THE CAVANAGH LAW FIRM**
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

William M. Demlong, Esq. (SBN 7674)
wdemlong@cavanaghlaw.com
Tel: (602) 322-4000
Fax: (602) 322-4100

Pamela A. McKay, Esq. (SBN 7812)
pmckay@mckaylawfirmchtd.com
McKay Law Firm Chtd.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128
Tel: (702) 835-6956
Fax: (702) 835-6957

*Attorneys for Defendant Civil Service Employees Insurance Company*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| John Doan and Steve Le, as individuals,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Civil Service Employees Insurance Company, a stock corporation; Doe Employees I-V; Rose Corporation 1-V,<br><br>　　　　Defendants. | CASE NO. 2:24-00705-CDS-MDC<br><br>**STIPULATION AND ORDER TO EXTEND DEADLINES**<br><br>**(Fifth Request)** |

　　　　The parties, by and through undersigned counsel and pursuant to Fed R. Civ. P. 6, Fed. R. Civ. P. 26, LR IA 6-1, LR IA 6-2, LR 7-1, and LR 26-3, stipulate and agree that there is good cause to extend the three remaining case deadlines as set forth below.

In short, the parties request a 30-day extension of the three remaining deadlines to accommodate an ongoing discovery dispute regarding Plaintiffs responses to CSE's Requests for Admission and Interrogatories propounded in April and answered in May. In June, CSE sent a detailed letter to Plaintiffs objecting to many of the discovery responses. CSE asked that Plaintiffs promptly correct or amend the responses, or otherwise that Plainitffs meet and confer regarding the dispute. CSE then followed up with Plaintiffs asking to meet and confer, and learned Plaintiffs' counsel has been on vacation for the holidays but is available to meet and confer the week of July 14-18.

Therefore, the parties respectfully request the Court extend the discovery deadline, dispositive motion deadline, and joint pretrial statement deadline by approximately 30 days as set forth herein. This requested extension accommodates the parties' ongoing efforts to meet and confer on the discovery responses, efforts to resolve or narrow the dispute, and to streamline or moot remaining discovery in the case ahead of the dispositive motion deadline.

## DISCOVERY COMPLETED PURSUANT TO LR 26-3(a)

**A. The parties' disclosures and discovery.**

1. Plaintiff's Initial Disclosures under Fed. R. Civ. P. 26(a)(1) was sent to Defendant's counsel on July 19, 2024.

2. Defendant's Initial Disclosures under Fed. R. Civ. P. 26(a)(1) was sent to Plaintiffs' counsel on July 17, 2024.

3. Defendant's First Supplemental Disclosure was sent to Plaintiff's counsel on August 28, 2024.

4. Defendant's first set of Interrogatories and Requests for Production were sent to Plaintiffs counsel on July 22, 2024.

5. Plaintiffs' Responses to Defendant's first set of Interrogatories and Requests for Production were sent to Defendant on September 4, 2024.

6. Plaintiffs' first set of Requests for Admissions, Requests for Production, and Interrogatories were sent to Defendant on September 25, 2024.

7. Defendant's Responses to Plaintiffs' first set of Requests for Admissions, Requests for Production, and Interrogatories were sent to Plaintiff on November 8, 2024.

8. On October 30, 2024, Plaintiffs sent their Rule 26(a)(2) Expert Disclosure to Defendant.

9. On January 2, 2025, CSE sent its Second Supplemental Disclosure Statement containing records received via subpoena to RepWest Insurance Company (including additional, supplemental productions by RepWest in the ongoing Motion to Compel proceedings in the U.S. District Court for the District of Arizona), and documents produced in response to a separate subpoena to RepWest Insurance Company's lawyer during the underlying proceedings.

10. On January 24, CSE sent its Third Supplemental Disclosure Statement, disclosing *inter alia* additional records received from RepWest Insurance Company in its fourth supplemental productions to CSE in their ongoing Motion to Compel proceedings.

11. On or about April 25, 2025, CSE propounded additional written discovery onto Plainitffs, including Requests for Admissions and associated Interrogatories.

12. On April 30, 2025, CSE issued its Fourth Supplemental Disclosure statement, containing additional documents relevant to the claims and defenses in the litigation.

13. May 12, 2025, CSE issued its Fifth Supplemental Disclosure Statement, containing additional records and documents received from RepWest in response to the Order granting CSE's Motion to Compel in the U.S. District Court for the District of Arizona.

14. On or about May 30, 2025, Plaintiffs issued their responses to CSE's RFAs and Interrogatories.

15. On June 23, 2025, CSE sent a nine-page, detailed letter to Plaintiffs objecting to Plainitffs RFA and Interrogatory Responses and explaining the bases for the objections. CSE asked Plainitffs to amend/correct the discovery responses or otherwise provide availability to meet and confer regarding the responses.

**B. Defendant's Subpoenas Duces Tecum and Motion to Compel Against RepWest in the U.S. District Court for the District of Arizona.**

16. On July 22, 2024, Defendant filed a Notice of Intent to serve Subpoena Duces Tecum ("SDT") to RepWest Insurance Company ("RepWest"), which is based in Arizona. RepWest insured the tortfeasor in the auto accident that gave rise to Plaintiffs' UIM claim that is the subject of this lawsuit.

17. The SDT was served on July 26, 2024.

18. On September 20, 2024, Defendant sent a second SDT to RepWest.

19. RepWest refused to fully comply with Defendant's SDTs, forcing Defendant to file a SDT enforcement action and Motion to Compel against RepWest in U.S. District Court for the District of Arizona. A copy of Defendant's Motion to Compel was attached as Exhibit 1 to the parties' previous Stipulation.

20. Thereafter, RepWest's counsel requested its deadline to respond to the Motion to Compel be extended until December 6, 2024. RepWest asserted the extension was requested to allow the parties to attempt to resolve the Motion to Compel dispute without judicial intervention.

21. On November 25, 2024, the Court granted RepWest and CSE's stipulation, extending their deadline to respond to the Motion to Compel until December 6. A copy of that Order was attached as Exhibit 2 to the parties' previous Stipulation.

22. In the interim, RepWest produced documents partially responsive to the subpoena and Motion to Compel, but other documents remained outstanding. CSE and RepWest filed a stipulation asking the Court to allow RepWest additional time to respond to the Motion to Compel. The purpose of the stipulation was to allow CSE and RepWest to attempt to resolve the dispute between them without further intervention by the Court.

23. On December 12, 2024, pursuant to RepWest and CSE's stipulation, the Court ordered CSE to file a Status Report with the Court by January 10, 2025. CSE was ordered to inform the Court in its Status Report whether the Motion to Compel had been mooted, or whether documents remained outstanding.

24. From December 12, 2024 through January 10, 2025, RepWest made multiple supplemental productions to CSE, containing hundreds of pages of documents responsive to the subpoenas and Motion to Compel. During that time, RepWest advised CSE on at least two occasions that it had believed it had produced all responsive documents. CSE disagreed and maintained that despite the parties' ongoing efforts to resolve the dispute, certain documents remained outstanding. Among the outstanding documents was a privilege log reflecting what documents were in RepWest's possession but were being withheld on the basis of privilege.

25. On January 10, 2025, CSE filed a Status Report with the Motion to Compel Court apprising it that certain documents had not been produced. This included a privilege log, and RepWest's claim notes reflecting its internal investigation, deliberations, and decision regarding coverage under the RepWest insurance policy, remained outstanding.

26. On January 14, 2025, having reviewed CSE's Status Report, Judge Liburdi ordered RepWest to respond to the Motion to Compel by January 28, 2025.

27. On January 17, 2025, RepWest finally produced a privilege log to CSE. The privilege log revealed that RepWest was withholding more than 2,800 pages of documents on the bases of work product protection and attorney-client privilege.

28. For a myriad of reasons, CSE disagreed with the work product protections asserted by RepWest in its privilege log. CSE challenged them in its Reply to CSE's Response to its Motion to Compel and sought all other documents responsive to the subpoenas and Motion to Compel.

29. On January 25, 2025, RepWest filed its Opposition to CSE's Motion to Compel in the MTC Proceedings.

30. On February 3, 2025, this Court granted the parties' stipulation to extend the case deadlines given the ongoing MTC Proceedings. [Doc. 33].

31. On February 4, 2025, CSE filed its Reply in Support of its Motion to Compel in the MTC Proceedings. MTC Proceedings Doc. 14.

32. On February 7, 2025, Judge Liburdi in the MTC Proceedings set an in-person motion hearing for March 13, 2025. MTC Proceedings Doc. 15.

33. On February 12, 2025, RepWest filed an Unopposed Motion to Modify the Hearing date in the MTC Proceedings. MTC Proceedings Doc. 16.

34. On February 20, 2025, Judge Liburdi granted RepWest's Motion to Modify the Hearing, moving the hearing date to March 25, 2025. MTC Proceedings Doc. 17.

35. On March 25, 2025, Judge Liburdi conducted the in-person hearing in the MTC Proceedings.

36. On March 28, 2025, Judge Liburdi issued his Order granting in part CSE's Motion to Compel and awarding CSE its reasonable attorneys' fees. *See* [Doc. 34] at Ex. 1.

37. On March 31, 2025, CSE filed a Notice with this Court regarding Judge Liburdi's Order in the MTC Proceedings. [Doc. 34].

38. On April 29, 2025, RepWest produced additional documents in response to Judge Liburdi's Order granting CSE's Motion to Compel. CSE disclosed those documents in its Fifth Supplemental Disclosure Statement on May 12, 2025.

## DISCOVERY REMAINING TO BE COMPLETED UNDER LR 26-3(b)

1. Meet and confer and attempted resolution of the discovery dispute regarding Plaintiffs' Responses to CSE's RFAs and Interrogatories, as requested by CSE in a detailed letter to Plaintiffs dated June 23, 2023.

2. Rule 30(b)(6) deposition of RepWest Insurance Company or Declaration, if necessary, pending the outcome of the pending discovery dispute.

## REASONS THE PARTIES REQUEST AN EXTENSION OF THE DISCOVERY DEADLINES PURSUANT TO LR 26-3(c)

As the Court is aware from the parties' previous requests for extensions to accommodate CSE's months-long Motion to Compel proceedings against non-party RepWest Insurance Company, RepWest's documents were key to the parties' claims and defenses in the case. RepWest

disclosed responsive documents on a piecemeal basis beginning in the summer of 2024 and continuing through the fall and winter of 2024. However, RepWest continued to withhold key documents—such as its claim notes—from CSE. This necessitated full briefing and adjudication of CSE's Motion to Compel.

In late March 2025, Judge Liburdi granted CSE's Motion to Compel and ordered RepWest to disclose its claim notes and other responsive documents within 30 days. On April 29, 2025, RepWest finally disclosed its claim notes in response to Judge Liburdi's Order. CSE disclosed those documents to Plaintiffs on May 12.

In late April, CSE also sent Requests for Admissions to Plaintiffs regarding basis facts in this case. CSE asserted in written correspondence preceding these discovery requests that RepWest's disclosed documents—including but not limited to its $1 million liability policy, its claim notes, and other documents bearing on the amount of liability coverage available to compensate Plaintiffs in their underlying tort action—materially impacted all of Plainitffs' claims in this case. CSE's RFAs and accompanying Interrogatories therefore sought to resolve key factual aspects of the case in an effort to streamline litigation and avoid further third-party discovery.

Plaintiffs timely responded to CSE's RFAs and Interrogatories on May 30, 2025. However, CSE challenged the adequacy of many of Plainitffs' written responses. On June 23, 2023, CSE sent Plaintiffs a nine-page letter explaining the bases for CSE's objections to each of Plaintiffs' discovery responses. CSE's letter provided the specific bates pages of disclosed documents that CSE believed resolved the at-issue discovery requests. CSE asked Plaintiffs to amend and/or correct the discovery responses within a week or, if not, to provide their availability to meet and confer on these issues.

CSE did not receive a response within a week, and followed up with Plainitffs. CSE learned Plaintiffs' counsel had been out of town for the holidays (at least the week of July 7-11), but that

Plaintiffs' counsel was available to meet and confer the week of July 14-18. CSE is amenable to meeting and conferring during that week, and therefore the parties request that the Court extend the discovery deadline, dispositive motion deadline, and pretrial report deadline by 30 days to allow the parties further opportunity to resolve this discovery dispute, take a Rule 30(b)(6) deposition of RepWest (if necessary), and/or obtain a Declaration from RepWest, or bring this discovery dispute to the Court for resolution.

Accordingly, the parties request an extension of the remaining case deadlines, as set forth below, to allow the parties opportunity to resolve these final remaining discovery issues before the close of discovery and the dispositive motion deadline. There is good cause for the extension, and the request is not due to improper delay, as the parties have diligently corresponded regarding the remaining discovery issues and continue to seek to resolve them so as to reduce litigation expense and Court involvement.

**PROPOSED AMENDED DEADLINES**[1]

| Event | Current Deadline | Proposed Amended Deadline |
|---|---|---|
| Discovery Cut-off | July 11, 2025 | August 8, 2025 |
| Dispositive Motions | August 15, 2025 | September 12, 2025 |
| Joint Pre-Trial Order | September 12, 2025 | October 10, 2025 |

**STIPULATED AND AGREED TO:**

DATED this 11th day of July, 2025.

                                   **THE CAVANAGH LAW FIRM, P.A.**

By:      s/William M. Demlong
     William M. Demlong
     1850 North Central Avenue, Suite 1900
     Phoenix, Arizona 85004

---

[1] The Proposed Amended Deadlines fall on Fridays, where possible.

Pamela A. McKay
McKay Law Firm Chtd.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128

*Attorneys for Defendant Civil Service Employees Insurance Company*

**VAN LAW FIRM**

By: _____s/Justin G. Schmidt_____
Justin G. Schmidt
1290 S Jones Blvd.
Las Vegas, NV 89146

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

*Doan, et al. v. Civil Service Employees Insurance Company, et al.*
*2:24-cv-00705*
*United States District Court Southern District of Nevada*

I hereby certify that the foregoing document was filed through the court's CM/ECF system which will generate and send an NEF and hyperlink to the document to all registered users in this case.

By: ___s/William M. Demlong___
William M. Demlong, Esq.

## ORDER

Based on the Stipulation of the Parties and good cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the discovery deadlines will be extended as agreed by the parties herein; a separate amended scheduling order will not be issued.

**IT IS SO ORDERED**.

                                                                         _____
                                                                         United States Magistrate Judge
                                                                         7-21-25

Submitted by:

William M. Demlong
THE CAVANAGH LAW FIRM, P.A.
1850 North Central Avenue, Suite 1900
Phoenix, Arizona 85004

Pamela A. McKay
McKay Law Firm Chtd.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128

*Attorneys for Defendant CSE*